**UNITED STATES of America**

v.

**Walter M. BINGAMAN and Samuel B. Wilson.**

**Crim. No. 3–65.**

United States District Court
District of Columbia.

April 13, 1965.

Joel D. Blackwell, Asst. U. S. Atty., Washington, D. C., for the United States.

George A. Schmiedigen, Washington, D. C., for defendant Bingaman.

Benjamin F. Amos, Washington, D. C., for defendant Wilson.

PINE, District Judge.

At the close of the evidence, each defendant herein moved for a judgment of acquittal on the second count. I heard argument and reserved decision. The case was thereupon submitted to the jury which returned a verdict of guilty as to each defendant on this count. Thereafter, counsel filed briefs, and the motion for judgment of acquittal is now before me for decision.

Count one of the indictment charged a violation of the so-called White Slave Traffic Act, 18 U.S.C. § 2421. It charged that defendants knowingly transported in interstate commerce from Louisiana to the District of Columbia a female for the purpose of prostitution, debauchery and other immoral purposes. A judgment of acquittal on this count was granted at the close of the Government's case for want of sufficient evidence as to *purpose*.

Count two of the indictment, which is the count before me, likewise charged another violation of the White Slave Traffic Act, supra. It charged defendants with knowingly transporting this same female within the District of Columbia for the purposes of prostitution, debauchery and other immoral purposes.

■■■ On a motion of this character I "must assume the truth of the Government's evidence and give the Government the benefit of all legitimate inferences to be drawn therefrom." On this basis, "[I]if the evidence is such that reasonable jurymen must necessarily have such a doubt [reasonable doubt], the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration. But if a reasonable mind mght fairly have a reasonable doubt or might fairly not have one, the case is for the jury, and the de-

cision is for the jurors to make. * * * The judge's function is exhausted when he determines that the evidence does or does not permit the conclusion of guilt beyond reasonable doubt within the fair operation of a reasonable mind. * * * The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal [now motion for judgment of acquittal], must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter." (Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, 232.)

The White Slave Traffic Act has two essential elements, namely,

(1) The transportation knowingly of any woman or girl, in interstate commerce or in the District of Columbia, and,

(2) For the purpose of prostitution, debauchery, or other immoral purpose.

The Government's evidence discloses the following facts:

These defendants, the complainant, a girl of 15 years of age, and two others not indicted, came to Washington from New Orleans in an automobile belonging to defendant Wilson. The only evidence of purpose, on the part of defendants, of transporting complainant to the District of Columbia prior to arrival there was to assist the complainant in accomplishing her desire to leave her mother and stepfather in New Orleans and obtain work in the District of Columbia. There was no evidence of any acts or suggestions

of immorality prior to their arrival in the District of Columbia.

On reaching the District of Columbia, the five occupants of the automobile obtained one room in a motel in the District and all five remained in that room one night. The next morning they left the motel and were transported in defendant Wilson's automobile to a hotel in the District of Columbia where the five obtained two rooms, one room being occupied by complainant and defendant Bingaman, and the other being occupied by defendant Wilson and the two other persons, a man and his wife.

Shortly after arrival at the Hotel complainant was informed by defendant Wilson that the group was short of money and that the complainant would have to procure money for them by prostitution. At first she was unwilling, but after she was told by both defendants that she would have "to do it or else" she agreed.

■ Thereafter, on the same day the two defendants and the third male member of the group of five struck up an acquaintance with a soldier. Complainant was then introduced to the soldier at the hotel and she and the soldier were transported by defendant Wilson within and about the District of Columbia in defendant Wilson's automobile. During the transportation Wilson solicited and urged the soldier to have sexual relations with complainant, naming the amount the soldier would have to pay. However, his efforts at this time were unsuccessful apparently because of the price, and the soldier left defendant Wilson and complainant. At this point, without a consummation of his purpose, defendant Wilson had violated the White Slave Traffic Act. (Wilson v. United States, 232 U.S. 563, 34 S.Ct. 347, 58 L.Ed. 728.) The following evening the soldier registered at the same hotel where he knew defendants and complainant were registered, and soon made contact with defendant Bingaman, who inquired whether the soldier then wished to have sexual relations with the complaining witness. The soldier indicated that he was willing, and defendant Bingaman conducted complaining witness from her room to his room where the soldier and complaining witness had sexual relations. The soldier paid her $50.00, which was the amount named by defendant Wilson on the preceding day.

■ There would appear to be no basis for granting the motion for judgment of acquittal by defendant Wilson on the above facts and under the above stated criterion governing disposition of a motion of this character. The case against defendant Bingaman, however, presents a more difficult problem. He did not physically transport the complaining witness, and the question is whether or not a reasonable mind might fairly conclude that he knowingly aided, abetted, counseled or advised defendant Wilson in the transportation of complainant for the purpose of prostitution, which was consummated the following evening at his instance. The evidence is clear that these two defendants, acting in concert, embarked on a plan to cause this girl to engage in prostitution for which they expected to receive all or some of the proceeds. The evidence is tailored to come within the purview of § 22–2705, D.C.Code 1961 Ed., the so-called Pandering Statute. However, for some reason, the indictment was not drawn to charge a violation of that statute or to include a violation of that statute as an additional count, but instead it charged solely a violation of the White Slave Traffic Act. But that state of the evidence does not require a conclusion that there was not a violation of the White Slave Traffic Act, as well. To be sure, there is no evidence that defendant Bingaman specifically aided and abetted Wilson in the transportation of complainant within the District of Columbia. There is however, ample evidence that he knowingly participated with defendant Wilson in a plan that complainant would engage in prostitution for their financial benefit, and it may be reasonably inferred, and a "reasonable mind might fairly conclude", that transportation, as well as any other means, would be used for the accomplishment of their purpose, and

that transportation of complainant was within the scope of their concerted plan. This inference takes on deeper conviction when it is considered in the light of defendant Wilson's ownership of an automobile in which complainant had been previously transported, and that this was known by defendant Bingaman.

Accordingly, under the foregoing criterion, the motion for judgment of acquittal by defendant Bingaman is likewise denied.